AETNA CASUALTY AND SURETY CO. v. ANDERS

[116 N.C. App. 348 (1994)]

———————

AETNA CASUALTY AND SURETY COMPANY, Plaintiff v. ANNETTE J. ANDERS, Defendant

No. 9328DC379

(Filed 6 September 1994)

### Limitations, Repose, and Laches § 60 (NCI4th)— statute of limitations—subrogation—embezzlement

The trial court did not err by entering judgment on the pleadings in defendant's favor based on the statute of limitations where the complaint alleged that defendant embezzled money from her employer for eighteen months; the business was insured by plaintiff against employee theft; defendant's acts were discovered in November 1988; plaintiff reimbursed the business in August of 1989; and plaintiff filed this action against defendant in 1992.

Although plaintiff contended that the statute did not begin to run until it paid the loss, plaintiff's complaint sets out facts amounting to a claim of subrogation in which plaintiff took the place of the insured business. Because the statute of limitations would have run in November of 1991, plaintiff lost its right to file the suit after that date. N.C.G.S. § 1-52(16).

**Am Jur 2d, Limitation of Actions §§ 98, 126.**

Appeal by plaintiff from order entered 1 February 1993 by Judge Earl J. Fowler, Jr., in Buncombe County District Court. Heard in the Court of Appeals 2 February 1994.

*Roberts Stevens & Cogburn, P.A., by William O. Brazil, III, and Vernon S. Pulliam, for plaintiff appellant.*

*Carol B. Andres for defendant appellee.*

COZORT, Judge.

Plaintiff insurance company appeals the trial court's entry of judgment on the pleadings in defendant's favor on the basis that plaintiff's claim was barred by the statute of limitations. We affirm.

Plaintiff Aetna Casualty and Surety Company (Aetna) filed this action against defendant Annette J. Anders on 13 August 1992. The complaint alleged that defendant, while an employee of Swannanoa Laundry, Inc., (laundry) embezzled money from the business for eighteen months. The laundry was insured by a policy issued by Aetna covering business losses from employee theft. Defendant's acts were discovered in November 1988 and the laundry filed a claim with Aetna. Aetna reimbursed the laundry for the stolen money in August of 1989 and in turn filed suit in August of 1992 against defendant to recover the amount taken.

The sole issue raised by this appeal is whether the trial court properly granted defendant's motion for judgment on the pleadings based on the three-year statute of limitations codified in N.C. Gen. Stat. § 1-52(16) (Cum. Supp. 1993). A motion for judgment on the pleadings is properly entered where all material allegations of fact are admitted in the pleadings and only questions of law remain. *Watson v. American Nat'l Fire Ins. Co.*, 106 N.C. App. 681, 683, 417 S.E.2d 814, 816, *cert. allowed*, 332 N.C. 486, 421 S.E.2d 359 (1992), *aff'd*, 333 N.C. 338, 425 S.E.2d 696 (1993) (citing *Ragsdale v. Kennedy*, 286 N.C. 130, 137, 209 S.E.2d 494, 499 (1974)). The moving party must demonstrate·

that no material issue of fact exists and the party is entitled to judgment as a matter of law. *Id.*

The applicable statute provides for a three-year statute of limitations:

Unless otherwise provided by statute, for personal injury or physical damage to claimant's property, the cause of action, except in causes of actions referred to in G.S. § 1-15(c), shall not accrue until bodily harm to the claimant or physical damage to his property becomes apparent or ought reasonably to have become apparent to the claimant, whichever event first occurs. Provided that no cause of action shall accrue more than 10 years from the last act or omission of the defendant giving rise to the cause of action.

N.C. Gen. Stat. § 1-52(16). Plaintiff claims the statute did not start to run until 15 August 1989, when Aetna paid the loss caused by defendant's actions to the laundry. Conversely, defendant argues the last date on which defendant could have committed a tortious act giving rise to the cause of action was 11 November 1988, making the statute of limitations' expiration date 11 November 1991.

A review of plaintiff's complaint reveals that plaintiff sets out facts amounting to a claim of subrogation.

[I]t is well-settled law that an insurance company paying a loss under the obligations of its policy to its insured for insured property damaged by the tortious act of another is entitled to subrogation to the rights of the insured against the person whose tortious act caused damage to the insured property to the extent of the loss paid by the insurance company.

Where insured property is damaged by the tortious act of another *and the insurance paid the owner of the property covers the loss in full,* the insurance company, as a necessary party plaintiff, must sue in its own name to enforce its right of subrogation of the owner's indivisible cause of action against the tort-feasor.

*Safeguard Ins. Co. v. Wilmington Cold Storage Co.,* 267 N.C. 679, 685-86, 149 S.E.2d 27, 33 (1966) (citations omitted). Plaintiff had the right to assert any claim which the laundry could have brought against defendant. Plaintiff took the place of the laundry and took on the same rights and responsibilities as the laundry would have had in a tort action. Because the statute of limitations would have run on the laundry's right to file the cause of action on 11 November 1991, plain-

tiff lost its right to file the suit after that date. The trial court's order is

Affirmed.

Judges ORR and GREENE concur.