PAUL BALTENSPERGER, APPELLANT, V. OTTO WELLENSIEK AND FIRST NATIONAL BANK OF SYRACUSE, A NEBRASKA CORPORATION, APPELLEES.

554 N.W.2d 137

Filed October 18, 1996.  No. S-94-998.

Robert Wm. Chapin, Jr., for appellant.

Anne M. Marcotte, of Wellensiek Law Offices, for appellee Wellensiek.

Donald R. Witt and Allan E. Wallace, of Baylor, Evnen, Curtiss, Grimit & Witt, for appellee Bank.

WHITE, C.J., CAPORALE, FAHRNBRUCH, WRIGHT, CONNOLLY, and GERRARD, JJ.

PER CURIAM.

This action was brought in the Otoe County District Court by the appellant, Paul Baltensperger, claiming that the appellees, First National Bank of Syracuse and its president, Otto Wellensiek, breached an oral contract, tortiously interfered with Baltensperger's contracts, tortiously interfered with Baltensperger's business relations, and committed fraudulent misrepresentation in dealing with Baltensperger. Subsequently, Baltensperger filed amended and second amended complaints and the appellees filed demurrers. The district court dismissed the second amended complaint on the basis that the applicable statute of limitations had elapsed. Baltensperger appealed to the Nebraska Court of Appeals, stating (1) that the district court erred by sustaining the appellees' demurrers, since a demurrer to the statute of limitations is not a proper pleading under Nebraska law; (2) that under Nebraska law, a separate proceeding should have taken place to determine the statute of limitations issue; and (3) that the court erred by holding that the statute of limitations for Baltensperger had not expired. We removed the case to this court, pursuant to our power to regulate the dockets of the lower courts. We find no merit to Baltensperger's assignments of error. We therefore affirm.

## BACKGROUND

First National Bank had made loans to Baltensperger, which loans were secured by certain parcels of land. From September 1, 1983, until approximately June 1, 1987, Baltensperger conducted negotiations with the bank in an attempt to restructure and reorganize his debt. On May 9, 1986, Baltensperger filed a chapter 11 bankruptcy petition in the U.S. Bankruptcy Court for the District of Nebraska.

In June 1987, Baltensperger and Otto Wellensiek, president of the bank, held a conversation regarding Baltensperger's proposal to purchase his obligation to the bank in order to retain Baltensperger's interest in the land. Wellensiek agreed on behalf of the bank that Baltensperger would be able to buy out the bank's interest.

During these negotiations, Baltensperger arranged for the land to be placed into a conservation reserve program through the U.S. Department of Agriculture, for which Baltensperger was to receive payments. Upon the request of Wellensiek, Baltensperger entered into an agreement to have all of the land farmed. In November 1987, Wellensiek informed Baltensperger that he would not honor the buyout agreement and that he was putting the land up for sale.

Baltensperger, as debtor in possession and on behalf of the debtor, filed an adversary proceeding in the U.S. Bankruptcy Court for the District of Nebraska on August 3, 1988.

In the adversary proceeding, Baltensperger alleged breach of contract, fraudulent misrepresentation, and tortious interference with Baltensperger's contracts, among other allegations, against First National Bank, Wellensiek, and others.

On February 25, 1991, the U.S. Bankruptcy Court for the District of Nebraska dismissed the adversary proceeding.

As stated, the actions Baltensperger claims are the basis of his causes of action occurred in 1987. Baltensperger filed the original complaint in the case at bar in the Otoe County District Court on July 7, 1993. Baltensperger filed an amended complaint in the Otoe County District Court on December 15, 1993, and a second amended complaint on April 21, 1994. The statute of limitations for breach of oral

contract and tortious interference is 4 years. Neb. Rev. Stat. §§ 25-206 and 25-207 (Reissue 1995).

Baltensperger alleged that the applicable statute of limitations was tolled on August 3, 1988, pursuant to 11 U.S.C. § 108(a) (1994), by the filing of the adversary proceeding and that it commenced to run on February 25, 1991, when the adversary proceeding was dismissed, until July 7, 1993, the date the case at bar was originally filed. Baltensperger further alleged that due to the tolling of said statute of limitations, only 43 of the 48 months of the statute of limitations had run.

On May 19, 1994, demurrers to the second amended complaint were filed in the Otoe County District Court. On September 26, 1994, the Otoe County District Court dismissed Baltensperger's second amended complaint with prejudice.

## ASSIGNMENTS OF ERROR

Baltensperger assigns as error:

The District Court of Otoe County, Nebraska erred by sustaining the appellees' Demurrers as the Demurrer to the statute of limitation is not a proper pleading under Nebraska law; that under Nebraska law a separate proceeding should have taken place to determine the statute of limitations issue; and that the Court erred by holding that the statute of limitations for the appellant had not been tolled.

## STANDARD OF REVIEW

When reviewing an order sustaining a demurrer, an appellate court accepts the truth of the facts which are well pled, together with the proper and reasonable inferences of law and fact which may be drawn therefrom, but does not accept as true the conclusions of the pleader. *Meyer Bros. v. Travelers Ins. Co., ante* p. 389, 551 N.W.2d 1 (1996); *Leader Nat. Ins. v. American Hardware Ins.*, 249 Neb. 783, 545 N.W.2d 451 (1996); *Vowers & Sons, Inc. v. Strasheim*, 248 Neb. 699, 538 N.W.2d 756 (1995).

When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *Heins v. Webster County, ante* p. 750, 552 N.W.2d 51 (1996);

*Goolsby v. Anderson, ante* p. 306, 549 N.W.2d 153 (1996); *Scholl v. County of Boone, ante* p. 283, 549 N.W.2d 144 (1996).

## ANALYSIS

In considering a demurrer, a court must assume that the facts pled, as distinguished from legal conclusions, are true as alleged and must give the pleading the benefit of any reasonable inference from the facts alleged, but cannot assume the existence of facts not alleged, make factual findings to aid the pleading, or consider evidence which might be adduced at trial. *Guzman v. Barth, ante* p. 763, 552 N.W.2d 299 (1996); *Pilot Investment Group v. Hofarth, ante* p. 475, 550 N.W.2d 27 (1996); *Berntsen v. Coopers & Lybrand*, 249 Neb. 904, 546 N.W.2d 310 (1996).

In his second amended complaint, Baltensperger states a conclusion of law, that is, that 11 U.S.C. § 108(a) tolled the statute of limitations, so that only 43 of the 48 months of the statute of limitations had run, thereby acknowledging that the statute of limitations for the claim in this case is 48 months. The interpretation of 11 U.S.C. § 108(a) is a conclusion of law, and therefore, we reach our own conclusions about its effect on the statute of limitations. See, *Heins, supra*; *Goolsby, supra*; *Scholl, supra*.

11 U.S.C. § 108(a) states:

> If applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor may commence an action, and such period *has not expired before the date of the filing of the petition*, the trustee may commence such action only before the later of—
>
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
>
> (2) two years after the order for relief.

(Emphasis supplied.)

We hold that this federal statute does not have a tolling effect on the statute of limitations in this case. As alleged in Baltensperger's second amended complaint, Baltensperger's

claims arose after the bankruptcy petition was filed. Baltensperger filed the bankruptcy petition on May 9, 1986. Baltensperger's petition alleges that in June 1987, Wellensiek, the president of First National Bank, entered into an agreement with Baltensperger and that on November 5, 1987, Wellensiek refused to honor that agreement. Baltensperger did not file the original complaint in this matter until July 7, 1993. The plain language of the statute does not provide for it to apply in this, a postpetition, cause of action. See *Matter of Phillip*, 948 F.2d 985, 987 (5th Cir. 1991) (stating, "At least in the ordinary case, no compelling reason exists for extending the prescription periods of postpetition claims, since trustees or debtors in possession should be aware of them as they arise"). See, also, *In re Northern Specialty Sales, Inc.*, 57 B.R. 557 (Bankr. D. Or. 1986).

Addressing Baltensperger's first and second assignments of error, the granting of the demurrer without a separate hearing to address the statute of limitations "issue" pursuant to Neb. Rev. Stat. § 25-221 (Reissue 1995) was proper because no facts, only conclusions of law, had been alleged to toll the statute of limitations. The provision in § 25-221 that the statute of limitations issue may be tried separately presupposes facts at issue rather than legal conclusions, as in this case.

A petition is demurrable which on its face shows that the action is barred by a statute of limitations and no allegations tolling the statute are made. *Calvert v. Roberts Dairy Co.*, 242 Neb. 664, 496 N.W.2d 491 (1993); *Bend v. Marsh*, 145 Neb. 780, 18 N.W.2d 106 (1945); *Pohle v. Nelson*, 108 Neb. 220, 187 N.W. 772 (1922).

When a demurrer to a petition is sustained, a court must grant leave to amend the petition unless it is clear that no reasonable possibility exists that amendment will correct the defect. *Pilot Investment Group, supra*; *Fox v. Metromail of Delaware*, 249 Neb. 610, 544 N.W.2d 833 (1996); *Vanice v. Oehm*, 247 Neb. 298, 526 N.W.2d 648 (1995).

Baltensperger has already filed a second amended complaint. We hold that no reasonable possibility exists that amendment will correct the violation of the statute of limita-

tions on the face of Baltensperger's second amended complaint.

First National Bank has filed a motion with this court for attorney fees. Where cases are interwoven and interdependent and the controversy involved has already been considered and determined by the court in the former proceedings involving one of the parties now before it, the court has a right to examine its own records and take judicial notice of its own proceedings and judgments in the former action. *Baltensperger v. United States Dept. of Ag., ante* p. 216, 548 N.W.2d 733 (1996); *Peterson v. The Nebraska Nat. Gas Co.,* 204 Neb. 136, 281 N.W.2d 525 (1979). In ruling in the appellees' favor, we note other of Baltensperger's lawsuits on substantially the same set of facts which have been appealed to this court and affirmed either summarily or by published opinion. We award attorney fees to First National Bank in the amount of $2,152 and expenses in the amount of $301.61 against Baltensperger and his attorney.

## CONCLUSION

Finding Baltensperger's assignments of error to be without merit, the judgment of the district court is hereby affirmed.

AFFIRMED.

LANPHIER, J., participating on briefs.