MOTOR CLUB INSURANCE ASSOCIATION, APPELLANT, V.
WARREN FILLMAN, DOING BUSINESS AS FILLMAN INSURANCE,
APPELLEE.

568 N.W.2d 259

Filed August 5, 1997.    No. A-96-432.

Michael A. England, of Wolfe, Anderson, Hurd, Luers & Ahl, for appellant.

Robert T. Grimit, of Baylor, Evnen, Curtiss, Grimit & Witt, for appellee.

MILLER-LERMAN, Chief Judge, and HANNON and IRWIN, Judges.

MILLER-LERMAN, Chief Judge.

## INTRODUCTION

Motor Club Insurance Association appeals from the decision of the district court for York County which sustained the demurrer of appellee, Warren Fillman, doing business as Fillman Insurance, on the ground that Motor Club's third amended petition failed to state a cause of action, and dismissed Motor Club's case with prejudice. For the reasons stated below, we affirm the decision of the district court.

## BACKGROUND

The facts alleged in the third amended petition are as follows: At some time prior to July 3, 1990, Patrick Shaw and James Shaw, doing business as York Auto & Truck Center (the Shaws), entered into an oral contract with Warren Fillman, doing business as Fillman Insurance (Fillman), for the renewal of a liability insurance policy issued by Guaranty National Co. of Englewood, Colorado. The petition alleges that this policy would have provided primary liability coverage for any claims arising from the operation or use of any vehicle owned by the Shaws. The petition further alleges that this liability insurance policy was not renewed by Fillman and thus that he was in breach of his oral contract with the Shaws.

On August 27, 1990, Paul Huffman, while employed by the Shaws, was operating a pickup truck owned by the Shaws when he was involved in a collision with a station wagon owned and operated by Clifford D. Mustapha and his family. The Mustaphas' vehicle was damaged, and some of the Mustaphas suffered personal injuries. The liability insurance policy of the Shaws was not in effect at this time.

The Mustaphas brought an action against Huffman in the U.S. District Court for the District of Nebraska (federal action), seeking recovery for personal injuries and property damage. Huffman's defense was tendered to Motor Club under the auto-

mobile liability insurance policy issued by Motor Club in favor of Huffman's father.

On or about October 6, 1993, Motor Club entered into a settlement agreement in the federal action with the Mustaphas on behalf of Huffman for a total amount of $90,000.

On December 28, 1994, Motor Club filed the present action against Fillman in the district court for York County, claiming, through subrogation of Huffman's rights, to be a third-party beneficiary of the oral contract between the Shaws and Fillman and further alleging that the breach of that oral contract caused Motor Club to defend Huffman in the federal action. Motor Club sued Fillman for $99,558.93 to compensate it for the settlement with the Mustaphas and the costs of defending Huffman in the federal action.

Motor Club filed an amended petition on April 18, 1995. It again filed an amended petition on June 27. Fillman demurred to this second amended petition. On August 29, the court sustained the demurrer and granted Motor Club leave to amend the petition.

Motor Club filed a third amended petition on December 4, 1995. Fillman demurred to Motor Club's third amended petition for reasons including the statute of limitations and the lack of privity of contract between Motor Club and Fillman. On April 10, 1996, the district court for York County sustained the demurrer and dismissed Motor Club's case with prejudice for failure to allege a cause of action, citing the bar of the statute of limitations as 4 years from the date of the collision and the lack of privity of contract between Motor Club and Fillman. Motor Club appealed to this court.

## ASSIGNMENTS OF ERROR

Motor Club alleges that the district court erred in finding that its claim was barred by the statute of limitations, in finding that it was required to allege privity of contract between itself and Fillman, and in failing to find that it had alleged circumstances relieving it from alleging privity of contract between itself and Fillman.

## STANDARD OF REVIEW

■ When reviewing an order sustaining a demurrer, an appellate court accepts the truth of the facts which are well pled, together with the proper and reasonable inferences of law and fact which may be drawn therefrom, but does not accept as true the conclusions of the pleader. *Baltensperger v. Wellensiek*, 250 Neb. 938, 554 N.W.2d 137 (1996); *Talbot v. Douglas County*, 249 Neb. 620, 544 N.W.2d 839 (1996); *Lawyers Title Ins. Corp. v. Hoffman*, 245 Neb. 507, 513 N.W.2d 521 (1994); *Weatherly v. Blue Cross Blue Shield*, 2 Neb. App. 669, 513 N.W.2d 347 (1994).

■ When reviewing an order sustaining a demurrer, an appellate court cannot assume the existence of a fact not alleged, make factual findings to aid the pleadings, or consider evidence that might be adduced at trial. *Talbot v. Douglas County, supra*; *Lawyers Title Ins. Corp. v. Hoffman, supra.*

■ The point at which a statute of limitations begins to run must be determined from the facts of each case, and the decision of the district court on the issue of the statute of limitations will not be set aside by an appellate court unless clearly wrong. *Hoeft v. Five Points Bank*, 248 Neb. 772, 539 N.W.2d 637 (1995); *Lindsay Mfg. Co. v. Universal Surety Co.*, 246 Neb. 495, 519 N.W.2d 530 (1994).

## ANALYSIS

*Applicable Statute of Limitations.*

Fillman urges this court to apply the statute of limitations for an action for professional negligence, found in Neb. Rev. Stat. § 25-222 (Reissue 1995). That statute provides, in relevant part, that

> [a]ny action to recover damages based on alleged professional negligence or upon alleged breach of warranty in rendering or failure to render professional services shall be commenced within two years next after the alleged act or omission in rendering or failure to render professional services providing the basis for such action[.]

In contrast, Motor Club argues for application of Neb. Rev. Stat. § 25-206 (Reissue 1995), the statute of limitations for

actions on oral contracts, which provides in relevant part that "[a]n action upon a contract, not in writing, expressed or implied . . . can only be brought within four years."

The question of whether insurance agents are professionals under the meaning of § 25-222 has not been decided in Nebraska. We note, however, that Fillman's position is precarious, given the Nebraska Supreme Court's statement that a profession is

> "a calling requiring specialized knowledge and often long and intensive preparation including instruction in skills and methods as well as in the scientific, historical, or scholarly principles underlying such skills and methods, maintaining by force of organization or concerted opinion high standards of achievement and conduct, and committing its members to continued study and to a kind of work which has for its prime purpose the rendering of a public service . . . ."

*Tylle v. Zoucha*, 226 Neb. 476, 480, 412 N.W.2d 438, 440 (1987) (holding that real estate brokers were not professionals within meaning of § 25-222).

It would seem that insurance agents do not fall within the statutory or case law definition of "professionals" for purposes of § 25-222. It is not necessary for us to decide this issue, however, because we find that Motor Club's claim is time barred under application of either statute. An appellate court is not obligated to engage in an analysis which is not needed to adjudicate the case and controversy before it. *Kelly v. Kelly*, 246 Neb. 55, 516 N.W.2d 612 (1994).

*Effect of Subrogation on Running of Statute of Limitations.*

Motor Club, in the present action, claims the right of subrogation to Huffman's alleged cause of action against Fillman by virtue of Motor Club's contract with Huffman's father and its payment to the Mustaphas on Huffman's behalf.

Generally, subrogation is a substitution of one person or entity which is not a volunteer, a subrogee, for another, a subrogor, as the result of the subrogee's payment of a debt owed to the subrogor so that the subrogee succeeds to the subrogor's right to recover the amount paid by the subrogee. *Leader Nat.*

*Ins. v. American Hardware Ins.*, 249 Neb. 783, 545 N.W.2d 451 (1996); *Shelter Ins. Cos. v. Frohlich*, 243 Neb. 111, 498 N.W.2d 74 (1993); *Bartunek v. Geo. A. Hormel & Co.*, 2 Neb. App. 598, 513 N.W.2d 545 (1994).

Subrogation is the substitution of one person or entity in the place of another with reference to a lawful claim, demand, or right, so that the one who is substituted succeeds to the rights of the other in relation to the debt or claim and its rights, remedies, or securities. *Leader Nat. Ins. v. American Hardware Ins., supra*; *Jindra v. Clayton*, 247 Neb. 597, 529 N.W.2d 523 (1995); *Chadron Energy Corp. v. First Nat. Bank*, 236 Neb. 173, 459 N.W.2d 718 (1990).

In the present case, Motor Club argues that Huffman had a cause of action against Fillman for breach of contract and that through its defense of Huffman and payment to the Mustaphas in the federal action, it became the subrogee of Huffman in that action and acquired his rights and remedies against Fillman.

It is well established that "a party cannot acquire by subrogation any rights not possessed by the party whose rights are subrogated." *Gilbert v. First National Bank*, 154 Neb. 404, 415, 48 N.W.2d 401, 408 (1951). See, also, *Barnes v. Hampton*, 198 Neb. 151, 252 N.W.2d 138 (1977), *disapproved on other grounds, Van Pelt v. Greathouse*, 219 Neb. 478, 364 N.W.2d 14 (1985); *American Surety Co. v. School District*, 117 Neb. 6, 219 N.W. 583 (1928). Fillman argues that this principle should be applied to the statute of limitations, so that the statute of limitations should be applied to Motor Club just as it would had Huffman sued Fillman.

The application of general principles of subrogation to the running of statutes of limitations has not been addressed in Nebraska case law. It is well settled in other jurisdictions, however, that "[a]n insurer's claim by subrogation is derivative from that of the insured, and it is subject to the same statute of limitation as though the action were sued upon by the insured." *May Trucking Co. v. International Harvester Co.*, 97 Idaho 319, 321, 543 P.2d 1159, 1161 (1975). See, e.g., *Stewart v. Jones*, 614 So. 2d 1023 (Ala. 1993); *Shelter Ins. Co. v. Arnold*, 57 Ark. App. 8, 940 S.W.2d 505 (1997); *Hanover Ins. Co. v. Fireman's Fund Ins. Co.*, 217 Conn. 340, 586 A.2d 567 (1991); *Aetna Casualty*

& *Surety Company v. Windsor*, 353 A.2d 684 (D.C. 1976); *U. S. Fidelity &c. Co. v. Ryder Truck Lines*, 160 Ga. App. 650, 288 S.E.2d 1 (1981); *Amer. States Ins. Co. v. Williams*, 151 Ind. App. 99, 278 N.E.2d 295 (1972); *Farmers Ins. Co. v. Farm Bureau Mut. Ins. Co.*, 227 Kan. 533, 608 P.2d 923 (1980); *Waters v. Transit Auth. of River City*, 799 S.W.2d 56 (Ky. App. 1990); *Citizens v American Community*, 197 Mich. App. 707, 495 N.W.2d 798 (1993); *Hermeling v. Minnesota Fire & Cas. Co.*, 548 N.W.2d 270 (Minn. 1996); *Ind. Lumbermen's Mut. Ins. v. Curtis Mathes*, 456 So. 2d 750 (Miss. 1984); *St. Paul Fire & Marine Ins. v. Glassing*, 269 Mont. 76, 887 P.2d 218 (1994); *MVAIC v. Aetna Cas. & Sur.*, 89 N.Y.2d 214, 674 N.E.2d 1349, 652 N.Y.S.2d 584 (1996); *Aetna Casualty and Surety Co. v. Anders*, 116 N.C. App. 348, 447 S.E.2d 504 (1994); *Ins. Co. of N. Am. v. Carnahan*, 446 Pa. 48, 284 A.2d 728 (1971); *Silva v. Home Indem. Co.*, 416 A.2d 664 (R.I. 1980); *Guillot v. Hix*, 838 S.W.2d 230 (Tex. 1992); *General Accident Ins. Co. v. Schoendorf & Sorgi*, 202 Wis. 2d 98, 549 N.W.2d 429 (1996).

It has been stated:

"The insurer's right of subrogation against third persons causing the loss paid by the insurer to the insured is derived from the insured alone. Consequently, the insurer can take nothing by subrogation but the rights of the insured, and is subrogated to only such rights as the insured possesses. The rights of the insurer against the wrongdoer cannot rise higher than the rights of the insured against such wrongdoer, since the insurer as subrogee, in contemplation of law, stands in the place of the insured and succeeds to whatever rights he may have in the matter. Therefore, any defense which a wrongdoer has against the insured, such as the statute of limitations, is good against the insurer subrogated to the rights of the insured."

*Russell v. Evans*, 920 S.W.2d 161, 164-65 (Mo. App. 1996).

Elsewhere it has been stated: " 'Whatever period of limitations is applicable to the insured passes by subrogation to the insurance carrier, who, by reason of such subrogation, is put in place of the party to whose right it is subrogated.' " *Liberty Mut. Ins. Co. v. Warren*, 119 N.M. 429, 430-31, 891 P.2d 570, 571

(N.M. App. 1995) (quoting 18A George J. Couch, *Cyclopedia of Insurance Law* § 75:38 (rev. 2d ed. 1983)).

We, therefore, join the overwhelming weight of authority in holding that as subrogee in this action, Motor Club was subject to the same statute of limitations as Huffman would have been, had he sued Fillman directly.

### Commencement of Statute of Limitations.

Generally, a cause of action accrues, and the statute of limitations begins to run, when the aggrieved party has the right to institute and maintain suit, even though such plaintiff may be ignorant of the existence of the cause of action. *St. Paul Fire & Marine Ins. Co. v. Touche Ross & Co.*, 244 Neb. 408, 507 N.W.2d 275 (1993); *Ed Miller & Sons, Inc. v. Earl*, 243 Neb. 708, 502 N.W.2d 444 (1993); *Interholzinger v. Estate of Dent*, 214 Neb. 264, 333 N.W.2d 895 (1983).

Nebraska law is clear that "[a] cause of action in contract accrues at the time of the breach or failure to do the thing agreed to." *Hoeft v. Five Points Bank*, 248 Neb. 772, 782, 539 N.W.2d 637, 645 (1995).

The Nebraska Supreme Court has stated: "The cause of action for a breach of contract accrues, and the statute of limitations begins to run, when the breach occurs." *L.J. Vontz Constr. Co. v. Department of Roads*, 232 Neb. 241, 246, 440 N.W.2d 664, 667 (1989). Accord, *Ed Miller & Sons, Inc. v. Earl, supra*; *Grand Island School Dist. #2 v. Celotex Corp.*, 203 Neb. 559, 279 N.W.2d 603 (1979); *Baldwin Carpet v. Builders, Inc.*, 3 Neb. App. 40, 523 N.W.2d 33 (1994). This principle has been applied to breach of an oral contract. *George P. Rose Sodding & Grading Co. v. Dennis*, 195 Neb. 221, 237 N.W.2d 418 (1976).

Motor Club argues that its cause of action did not accrue until its alleged damages were made definite by settlement with the Mustaphas in the federal action on October 6, 1993. Motor Club overlooks the settled law of this state, however, which holds that a cause of action for breach of contract accrues "as soon as breach occurs," even though "the plaintiff was then ignorant of the injury sustained or could not ascertain the

amount of his damages." *Grand Island School Dist. #2 v. Celotex Corp.*, 203 Neb. at 563, 279 N.W.2d at 606. Accord, *Hoeft v. Five Points Bank, supra*; *L.J. Vontz Constr. Co. v. Department of Roads, supra*.

It is well settled that " 'a statute of limitations can be triggered at some time before the full extent of damages is sustained.' " *Suzuki v. Holthaus*, 221 Neb. 72, 76, 375 N.W.2d 126, 129 (1985) (quoting *Rosnick v. Marks*, 218 Neb. 499, 357 N.W.2d 186 (1984)). Furthermore, "[f]or the statute to begin running, the plaintiff need not have suffered actual damages; however, there must be injury, which is the invasion of a legally protected interest." *Nichols v. Ach*, 233 Neb. 634, 639, 447 N.W.2d 220, 225 (1989), *disapproved on other grounds, Anderson v. Service Merchandise Co.*, 240 Neb. 873, 485 N.W.2d 170 (1992).

Assuming the facts in Motor Club's third amended petition to be true, as we must, we find that Huffman's legally protected interest as a third-party beneficiary or as an insured was invaded by the breach of contract between Fillman and the Shaws. Huffman's cause of action against Fillman for that breach of contract accrued, and the statute of limitations began running, as of that breach, which according to the petition was no later than July 3, 1990. Motor Club, as subrogee, is limited by the same statute of limitations as Huffman. Motor Club's original petition in this action was filed on December 28, 1994, clearly more than 4 years after the cause of action accrued. Therefore, Motor Club's action is time barred on the face of the petition.

Motor Club attempts to avoid the statute of limitations by arguing that its claim lies in indemnity, rather than subrogation of a claim for breach of contract. Indemnity, however, is a right which inures to a person who, without active fault on his or her part, has been compelled, by reason of some legal obligation, to pay damages occasioned by the initial negligence of another. *Hiway 20 Terminal, Inc. v. Tri-County Agri-Supply, Inc.*, 232 Neb. 763, 443 N.W.2d 872 (1989). It applies to "another who should bear the cost because it was the latter's wrongdoing for which the former is held liable." *Allstate Ins. Co. v. Metropolitan Dade County*, 436 So. 2d 976, 978 (Fla. App. 1983).

In the present case, Motor Club was not liable for any wrongdoing by Fillman, nor did negligence on his part occasion the damages Motor Club paid. The damages at issue were caused by Huffman when the vehicle he was driving struck the Mustaphas' vehicle, and Motor Club's liability for those damages was occasioned by its contractual obligation to Huffman by virtue of the insurance policy issued by Motor Club to Huffman's father. Damage from the motor vehicle accident was not caused by Fillman; any cause of action against Fillman cannot lie in indemnity.

*Sustaining of Demurrer.*

If a petition facially shows that a cause of action is barred by the statute of limitations, the plaintiff must allege facts sufficient to avoid the bar of the statute of limitations. *St. Paul Fire & Marine Ins. Co. v. Touche Ross & Co., supra*; *Broekemeier Ford v. Clatanoff*, 240 Neb. 265, 481 N.W.2d 416 (1992); *League v. Vanice*, 221 Neb. 34, 374 N.W.2d 849 (1985).

A petition is demurrable which on its face shows that the action is barred by a statute of limitations and no allegations tolling the statute are made. *Baltensperger v. Wellensiek*, 250 Neb. 938, 554 N.W.2d 137 (1996). Failure to allege facts showing a basis for avoiding the effect of the statute of limitations means that the plaintiff, in effect, has failed to allege facts sufficient to constitute a cause of action, and the petition is therefore subject to demurrer. *George P. Rose Sodding & Grading Co. v. Dennis*, 195 Neb. 221, 237 N.W.2d 418 (1976). Since Motor Club's petition revealed on its face the bar of the statute of limitations and it failed to allege facts effective in avoiding the statutory bar, the district court acted correctly in sustaining the demurrer.

When a demurrer to a petition is sustained, a court must grant leave to amend the petition unless it is clear that no reasonable possibility exists that amendment will correct the defect. *Baltensperger v. Wellensiek, supra*; *Pilot Investment Group v. Hofarth*, 250 Neb. 475, 550 N.W.2d 27 (1996). In the instant case, the district court gave Motor Club repeated opportunities to amend its petition, until it became clear that the defect of the statute of limitations was insurmountable. The dis-

trict court, therefore, acted correctly in sustaining the demurrer and in dismissing Motor Club's case with prejudice.

*Other Arguments.*

Because we find Motor Club's action to be controlled by principles of subrogation and to be time barred because of Motor Club's status as subrogee, we do not need to consider Motor Club's arguments pertaining to third-party beneficiary status, privity, or lack of privity between itself and Fillman. An order sustaining a demurrer should be affirmed if any one of the grounds on which it was asserted is well taken. *Pilot Investment Group v. Hofarth, supra.*

## CONCLUSION

For the reasons stated above, we affirm the order of the district court for York County which sustained Fillman's demurrer and dismissed Motor Club's cause of action with prejudice.

AFFIRMED.