Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/19/2019 08:08 AM CDT

- 1025 -

Nebraska Supreme Court Advance Sheets
302 Nebraska Reports
WEHRER v. DYNAMIC LIFE THERAPY & WELLNESS
Cite as 302 Neb. 1025

Arlys Wehrer, appellant, v. Dynamic Life Therapy
and Wellness, P.C., appellee.
___ N.W.2d ___

Filed April 25, 2019.    No. S-18-648.

1. **Summary Judgment.** Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law.

2. **Summary Judgment: Appeal and Error.** In appellate review of a summary judgment, the court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence.

3. **Limitations of Actions: Negligence.** In determining whether the statute of limitations for professional negligence applies to a plaintiff's claim, the court must determine whether the defendant is a professional and was acting in a professional capacity in rendering the services upon which the claim is based.

4. **Words and Phrases.** In determining whether a particular act or service is professional in nature, the court must look to the nature of the act or service itself and the circumstances under which it was performed.

5. **Limitations of Actions: Negligence: Words and Phrases.** The definition of "profession" for the purpose of determining the professional negligence statute of limitations under Neb. Rev. Stat. § 25-222 (Reissue 2016) is (1) a calling requiring specialized knowledge and often long and intensive preparation including instruction in skills and methods as well as in the scientific, historical, or scholarly principles underlying such skills and methods; (2) maintaining by force of organization or concerted opinion high standards of achievement and conduct; and (3) committing its members to continued study and to a kind of work which has for its prime purpose the rendering of a public service.

6. **Licenses and Permits.** A license indicates a person is a professional, but that is not the only prerequisite, nor is it dispositive.

7. **Words and Phrases.** A college degree is not necessarily required in order for a particular occupation to constitute a "profession."

8. **Licenses and Permits: Words and Phrases.** Licensure alone is generally unreliable in determining whether an occupation is a "profession" under Neb. Rev. Stat. § 25-222 (Reissue 2016), because the educational requisites for licensure vary widely.

9. **Limitations of Actions: Negligence: Words and Phrases.** In analyzing whether a particular group or organization meets the definition of a "profession" for purposes of Neb. Rev. Stat. § 25-222 (Reissue 2016), each of the following principal elements must be demonstrated. The occupation is not a "profession" unless: (1) The profession requires specialized knowledge; (2) the profession requires long and intensive preparation; (3) preparation must include instruction in skills and methods of the profession; (4) preparation must include scientific, historical, or scholarly principles underlying the skills and methods of the profession; (5) membership in a professional organization is required; (6) a professional organization or concerted opinion within an organization regulates and enforces standards for membership; (7) the standards for membership include high standards of achievement; (8) the standards for membership include high standards of conduct; (9) its members are committed to continued study; (10) its members are committed to a specific kind of work; and (11) the specific kind of work has for its primary purpose the rendering of a public service.

10. **Words and Phrases.** A massage therapist is not a "professional" for the purposes of applying Neb. Rev. Stat. § 25-222 (Reissue 2016).

Appeal from the District Court for Platte County: ROBERT R. STEINKE, Judge. Reversed and remanded.

George H. Moyer, of Moyer & Moyer, for appellant.

Karen K. Bailey and L. Paige Hall, of Engles, Ketcham, Olson & Keith, P.C., for appellee.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, FUNKE, PAPIK, and FREUDENBERG, JJ.

FREUDENBERG, J.
## NATURE OF CASE
A customer of a massage therapy establishment filed suit for damages incurred when an employee, a licensed massage therapist, allegedly caused the customer to become unconscious

- 1027 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
302 NEBRASKA REPORTS
WEHRER v. DYNAMIC LIFE THERAPY & WELLNESS
Cite as 302 Neb. 1025

by improperly compressing a nerve in the customer's neck. The massage therapy establishment moved for summary judgment. The district court granted summary judgment on the ground that the customer's cause of action was time barred by the statute of limitations for professional negligence under Neb. Rev. Stat. § 25-222 (Reissue 2016).

## FACTS

On February 17, 2017, Arlys Wehrer filed a negligence action against Dynamic Life Therapy and Wellness, P.C. (Dynamic Life). The lawsuit was related to a neck massage Wehrer received from a licensed masseuse, Nicole Jones, at Dynamic Life on September 2, 2014.

Dynamic Life is a licensed massage therapy establishment in Columbus, Nebraska, and has been in practice since 2010. Dynamic Life passed an inspection conducted by the Division of Public Health of the Department of Health and Human Services in 2011 and was issued a license to engage in the practice of massage therapy. Jones completed the required course of study and training, including 1,000 hours of hands-on training, and graduated from the Omaha School of Massage Therapy, an approved massage therapy school, in 2000. Later that year, Jones passed the examination required by the Board of Massage Therapy and became a licensed massage therapist. She has been a licensed massage therapist since 2001 and has been employed by Dynamic Life since 2014. At the time of Wehrer's massage therapy appointment, Jones had completed the continuing competency education credits required of each licensed massage therapist who is in active practice in the State of Nebraska.

During the appointment, Wehrer alleged that she became unconscious and fell out of the massage chair, hitting her head and shoulder on a wall, after Jones left to get Wehrer water 15 minutes into the appointment. Wehrer alleged this occurred because Jones compressed the vagus nerve in Wehrer's neck, causing her to become unconscious, fall out of the massage chair, and sustain injuries.

Wehrer filed a lawsuit against Dyanmic Life, alleging that Wehrer's injuries were caused by Dynamic Life's negligence as Jones' employer. Wehrer argued that Jones knew or should have known that compressing the vagus nerve while performing a neck massage could cause Wehrer to faint, fall, and sustain injuries. Dynamic Life filed an answer, denying Wehrer's allegations and asserting affirmative defenses, including that Wehrer's claim was time barred by the 2-year statute of limitations set forth in § 25-222.

Dynamic Life filed a motion for summary judgment. At some point before the summary judgment hearing, the court permitted Wehrer to file a reply to Dynamic Life's answer. Within her reply, Wehrer denied Dynamic Life's suggestion that Jones was providing professional services under § 25-222. Alternatively, Wehrer alleged that § 25-222 was unconstitutional, because it is vague and it improperly delegates legislative power to the courts by allowing appellate courts to classify who "professionals" are under the statute.

The district court sustained Dynamic Life's motion for summary judgment and entered a judgment dismissing Wehrer's complaint. The court found that based on Nebraska's Massage Therapy Practice Act and relevant Nebraska Administrative Code provisions, massage therapy requires specialized knowledge and skill. The court then concluded that a massage therapist was a "professional" under § 25-222. As a consequence, the court found that there was no dispute of material fact that Wehrer's claim was time barred by the application of § 25-222. Having dismissed the suit as time barred, the district court did not address Wehrer's constitutional arguments.

## ASSIGNMENTS OF ERROR

Wehrer assigns that the district court erred by (1) finding that massage therapy is a "profession" and that a massage therapist could claim the benefit of § 25-222, (2) failing to consider the constitutionality of § 25-222, and (3) sustaining Dynamic Life's motion for summary judgment.

## STANDARD OF REVIEW

[1,2] Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law.[1] In appellate review of a summary judgment, the court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence.[2]

## ANALYSIS

Wehrer contends that the district court erred in finding that the statute of limitations for actions in professional negligence under § 25-222 applied in this matter. Wehrer argues that the work of a massage therapist does not meet the educational or high standards of achievement and conduct requirements of "professional services" under our jurisprudence. As such, Wehrer contends that the general statute of limitations for negligence actions under Neb. Rev. Stat. § 25-207 (Reissue 2016) applies. We agree.

Section 25-222 provides in relevant part:

> Any action to recover damages based on alleged professional negligence or upon alleged breach of warranty in rendering or failure to render professional services shall be commenced within two years next after the alleged act or omission in rendering or failure to render professional services providing the basis for such action[.]

The Legislature has not provided a general statutory definition of "professional" or specifically stated which occupations provide professional services.

---

[1] *Reinke Mfg. Co. v. Hayes*, 256 Neb. 442, 590 N.W.2d 380 (1999).

[2] *Id.*

- 1030 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
302 NEBRASKA REPORTS
WEHRER v. DYNAMIC LIFE THERAPY & WELLNESS
Cite as 302 Neb. 1025

[3,4] We have held that in determining whether the statute of limitations for professional negligence applies to a plaintiff's claim, the court must determine whether the defendant is a professional and was acting in a professional capacity in rendering the services upon which the claim is based.[3] In determining whether a particular act or service is professional in nature, we must look to the nature of the act or service itself and the circumstances under which it was performed.[4]

We have previously determined that a physician,[5] an attorney,[6] a physical therapist,[7] an accountant,[8] an engineer,[9] an architect,[10] and a land surveyor[11] were professionals for the purposes of the statute of limitations described in § 25-222. We have held, in contrast, that a real estate broker[12] and a licensed general securities agent[13] were not professionals for the purposes of § 25-222. It is an issue of first impression whether a massage therapist is a professional for the purposes of applying this statute.

---

[3] See, *Churchill v. Columbus Comm. Hosp.*, 285 Neb. 759, 830 N.W.2d 53 (2013); *Parks v. Merrill, Lynch*, 268 Neb. 499, 684 N.W.2d 543 (2004); *Reinke Mfg. Co. v. Hayes, supra* note 1.

[4] *Id.*

[5] See *Casey v. Levine*, 261 Neb. 1, 621 N.W.2d 482 (2001).

[6] See *Egan v. Stoler*, 265 Neb. 1, 653 N.W.2d 855 (2002).

[7] *Churchill v. Columbus Comm. Hosp., supra* note 3.

[8] See *World Radio Labs. v. Coopers & Lybrand*, 251 Neb. 261, 557 N.W.2d 1 (1996).

[9] *Gering - Ft. Laramie Irr. Dist. v. Baker*, 259 Neb. 840, 612 N.W.2d 897 (2000); *Board of Regents v. Wilscam Mullins Birge*, 230 Neb. 675, 433 N.W.2d 478 (1988).

[10] *Board of Regents v. Wilscam Mullins Birge, supra* note 9.

[11] *Bixenmann v. Dickinson Land Surveyors*, 294 Neb. 407, 882 N.W.2d 910 (2016).

[12] *Tylle v. Zoucha*, 226 Neb. 476, 412 N.W.2d 438 (1987).

[13] *Parks v. Merrill, Lynch, supra* note 3.

- 1031 -

Nebraska Supreme Court Advance Sheets
302 Nebraska Reports
WEHRER v. DYNAMIC LIFE THERAPY & WELLNESS
Cite as 302 Neb. 1025

[5] The definition of "profession"[14] for the purpose of determining the professional negligence statute of limitations under § 25-222 is (1) a calling requiring specialized knowledge and often long and intensive preparation including instruction in skills and methods as well as in the scientific, historical, or scholarly principles underlying such skills and methods; (2) maintaining by force of organization or concerted opinion high standards of achievement and conduct; and (3) committing its members to continued study and to a kind of work which has for its prime purpose the rendering of a public service.[15] The Legislature, having not attempted to modify this definition for purposes of § 25-222, has acquiesced in our interpretation and determination of the definition of "profession" for the purpose of applying the statute.[16]

[6] We have emphasized that this definition does not rely solely on the possession of a license.[17] To do so would distort the definition, as it would include many occupations that were traditionally not considered to be professions.[18] A license indicates a person is a professional, but that is not the only prerequisite, nor is it dispositive.[19]

[7] The definition of "profession" adopted for purposes of § 25-222 instead "stresses the long and intensive program of preparation to practice one's chosen occupation traditionally associated only with professions."[20] It does not stress

---

[14] See Webster's Third New International Dictionary of the English Language, Unabridged 1811 (1993).

[15] See, *Parks v. Merrill, Lynch, supra* note 3; *Tylle v. Zoucha, supra* note 12.

[16] See *Heckman v. Marchio*, 296 Neb. 458, 894 N.W.2d 296 (2017).

[17] *Tylle v. Zoucha, supra* note 12.

[18] *Id.*

[19] *Churchill v. Columbus Comm. Hosp., supra* note 3; *Jorgensen v. State Nat. Bank & Trust*, 255 Neb. 241, 583 N.W.2d 331 (1998).

[20] *Tylle v. Zoucha, supra* note 12, 226 Neb. at 480, 412 N.W.2d at 441.

the difference between manual and intellectual labor; which, while a trademark of the traditional professions, would seem to exclude some occupations commonly considered to be professions even though manual or physical.[21] Accordingly, a college degree is not necessarily required in order for a particular occupation to constitute a "profession."[22] Still, we have placed great emphasis on college degrees in considering whether a particular occupation is a profession.[23] This emphasis recognizes that other jurisdictions hold that a "profession" requires at a minimum a college degree in a specific field—though a college degree does not automatically designate the occupation as a professional practice.[24]

Thus, in *Georgetowne Ltd. Part. v. Geotechnical Servs.*,[25] we held that architects and engineers are professionals under § 25-222, emphasizing that the engineers were registered and licensed civil engineers, who had college degrees. We stated that based on this, "[t]here can be no doubt that [the engineers were] rendering professional services as defined by this court."[26] In *Churchill v. Columbus Comm. Hosp.*,[27] we likewise found that physical therapists were professionals under the statute, because the Physical Therapy Practice Act required physical therapists to be licensed and, in order to obtain a

---

[21] *Id.*

[22] *Churchill v. Columbus Comm. Hosp., supra* note 3; *Cooper v. Paap*, 10 Neb. App. 243, 634 N.W.2d 266 (2001).

[23] See, *Jorgensen v. State Nat. Bank & Trust, supra* note 19; *Georgetowne Ltd. Part. v. Geotechnical Servs.*, 230 Neb. 22, 430 N.W.2d 34 (1988).

[24] See, e.g., *Chase Scientific Research v. NIA Group*, 96 N.Y.2d 20, 749 N.E.2d 161, 725 N.Y.S.2d 592 (2001); *New York & Presbyterian Hosp. v. Tishman*, 180 Misc. 2d 193, 688 N.Y.S.2d 424 (1999); *Kuntz v. Muehler*, 603 N.W.2d 43 (N.D. 1999); *Garden v. Frier*, 602 So. 2d 1273 (Fla. 1992); *Pierce v. AALL Ins. Inc.*, 531 So. 2d 84 (Fla. 1988).

[25] *Georgetowne Ltd. Part. v. Geotechnical Servs., supra* note 23.

[26] *Id.*, 230 Neb. at 27, 430 N.W.2d at 38.

[27] *Churchill v. Columbus Comm. Hosp., supra* note 3.

- 1033 -

Nebraska Supreme Court Advance Sheets
302 Nebraska Reports
WEHRER v. DYNAMIC LIFE THERAPY & WELLNESS
Cite as 302 Neb. 1025

license, the physical therapists were required to complete an approved educational program that generally includes some form of college degree and an examination.[28] We found that these requirements indicate that physical therapists complete the "'long and intensive program of preparation'" that is required of professionals.[29] We additionally considered the fact that physical therapists render a public service and are subject to both mandatory continuing education requirements and professional discipline.[30]

[8] In contrast, in *Tylle v. Zoucha*,[31] we held that a real estate agent was not a professional under § 25-222, despite the fact that he was required to complete approved post-secondary coursework and pass a licensing examination before obtaining his license, as well as the fact that the State Real Estate Commission was authorized to investigate and discipline license holders for unfair trade practices. We held that these factors did not transform a licensed occupation into a licensed profession for purposes of § 25-222.[32] Similarly, in holding in *Parks v. Merrill, Lynch*,[33] that a licensed general securities agent was not a professional under § 25-222, we focused on the fact that the requisite training from employers in providing services for clients did not require long and intensive training or preparation on a par with a college degree—or even preparation equivalent to that required for a real estate broker license. We again observed that licensure alone is generally unreliable in determining whether an occupation is a "profession" under

---

[28] See, generally, *id*.

[29] *Id*. at 766, 830 N.W.2d at 58, quoting *Tylle v. Zoucha, supra* note 12.

[30] *Churchill v. Columbus Comm. Hosp., supra* note 3.

[31] *Tylle v. Zoucha, supra* note 12. See, also, *Parks v. Merrill, Lynch, supra* note 3.

[32] See *Tylle v. Zoucha, supra* note 12.

[33] *Parks v. Merrill, Lynch, supra* note 3.

- 1034 -

Nebraska Supreme Court Advance Sheets
302 Nebraska Reports
WEHRER v. DYNAMIC LIFE THERAPY & WELLNESS
Cite as 302 Neb. 1025

§ 25-222, because the educational requisites for licensure vary widely.[34]

We consider each of the elements set forth in the *Tylle* definition of "profession" to be necessary and not merely possible factors for consideration.[35] Therefore, to constitute a "profession" within the meaning of § 25-222, a particular type of endeavor must meet all of the principal elements.

[9] Our case law has discussed many specific factors to be considered in determining whether a particular occupation constitutes a profession.[36] Though the list of factors set forth in *Churchill* is not necessarily complete, we conclude that in analyzing whether a particular group or organization meets the definition of a "profession" for purposes of § 25-222, each of the following principal elements must be demonstrated. The occupation is not a "profession" unless: (1) The profession requires specialized knowledge; (2) the profession requires long and intensive preparation; (3) preparation must include instruction in skills and methods of the profession; (4) preparation must include scientific, historical, or scholarly principles underlying the skills and methods of the profession; (5) membership in a professional organization is required; (6) a professional organization or concerted opinion within an organization regulates and enforces standards for membership; (7) the standards for membership include high standards of achievement; (8) the standards for membership include high standards of conduct; (9) its members are committed to continued study; (10) its members are committed to a specific kind of work; and (11) the specific kind

---

[34] *Id.*

[35] See *Tylle v. Zoucha, supra* note 12.

[36] See, e.g., *Churchill v. Columbus Comm. Hosp.*, supra note 3 (listing factors to consider in "profession" determination, including college degree, licensing, protection of citizens, public service, board to enforce standards, written examination, verified experience, continuing education requirements, and professional disciplinary authority).

- 1035 -

Nebraska Supreme Court Advance Sheets
302 Nebraska Reports
WEHRER v. DYNAMIC LIFE THERAPY & WELLNESS
Cite as 302 Neb. 1025

of work has for its primary purpose the rendering of a public service.

When analyzing whether a particular group or organization meets the definition of a "profession" for purposes of § 25-222, one should be able to affirmatively answer each element set forth above. If this cannot be accomplished, then, one should anticipate that the group or organization does not fall within the scope of § 25-222.

Neb. Rev. Stat. § 38-1709 (Reissue 2016) of the Massage Therapy Practice Act requires that any person engaging in the practice of massage therapy must have a license. Neb. Rev. Stat. § 38-1710 (Reissue 2016) requires that in order for a massage therapist to become licensed to practice, "[e]very applicant for an initial license to practice massage therapy shall (1) present satisfactory evidence that he or she has attained the age of nineteen years, (2) present proof of graduation from an approved massage therapy school, and (3) pass an examination prescribed by the board." To receive a credential to practice massage therapy, an individual must have "completed a course of study and training in massage therapy not less than 1,000 hours, distributed over a term of not less than 9 months."[37]

Additionally, pursuant to Neb. Rev. Stat. § 84-906.05 (Reissue 2014), we take judicial notice of the regulations of the Nebraska Administrative Code relevant to the regulation of massage therapy, as the district court did.[38] Agency regulations, properly adopted and filed with the Secretary of State of Nebraska, have the effect of statutory law,[39] and the parties do not dispute that the contents of the current regulations

---

[37] 172 Neb. Admin. Code, ch. 81, § 003.01(3) (2010).

[38] See, *Merie B. on behalf of Brayden O. v. State*, 290 Neb. 919, 863 N.W.2d 171 (2015); *JCB Enters. v. Nebraska Liq. Cont. Comm.*, 275 Neb. 797, 749 N.W.2d 873 (2008).

[39] *City of Lincoln v. Central Platte NRD*, 263 Neb. 141, 638 N.W.2d 839 (2002).

- 1036 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
302 NEBRASKA REPORTS
WEHRER v. DYNAMIC LIFE THERAPY & WELLNESS
Cite as 302 Neb. 1025

denoting the massage therapist licensure requirements are controlling. The Nebraska Administrative Code requires that "[e]ach person holding an active credential within the state must, on or before the date of expiration of the credential, comply with the continuing competency requirements for his/her profession."[40] Specifically, a licensed massage therapist in Nebraska must complete 24 hours of approved continuing competency hours/credits during the preceding 24-month period on or before November 1 of each odd-numbered year.[41] The licensure and discipline of massage therapists in Nebraska is overseen broadly by the Division of Public Health of the Department of Health and Human Services.[42]

[10] These licensing requirements to become a massage therapist do not require long and intensive training or preparation, including instruction in skills and methods as well as in the scientific, historical, or scholarly principles underlying such skills and methods, which would be comparable to that of a college degree. Nor does the record show the standards for membership in the occupation of massage therapy include high standards of achievement. Based on the record before us, Dynamic Life has failed to show that the requirements to become a licensed massage therapist demand high standards of training, preparation, and achievement sufficient to render massage therapy a "profession" under the statute.[43] We therefore hold that a massage therapist is not a "professional" for the purposes of applying § 25-222.

The district court erred in concluding that a massage therapist is a professional under § 25-222 and in granting summary judgment in favor of Dynamic Life on that ground. Having found that massage therapists are not "professionals" under

---

[40] Neb. Admin. Code, *supra* note 37, § 006.

[41] *Id.*, § 006.01.

[42] See, *id.*, §§ 002(14) and 008; Neb. Rev. Stat. § 38-1715 (Reissue 2016).

[43] See *Parks v. Merrill, Lynch, supra* note 3.

§ 25-222, we need not address Wehrer's alternative assignment of error and argument that the district court erred in failing to consider whether § 25-222 is unconstitutional.

## CONCLUSION

For the foregoing reasons, we find that the district court erred in granting summary judgment in favor of Dynamic Life and reverse the decision and remand the cause to the district court accordingly.

REVERSED AND REMANDED.