Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
01/06/2023 09:04 AM CST

JOHN MAI AND MM NE LLC, A COLORADO LIMITED
LIABILITY COMPANY, APPELLEES, V. JANICE GERMAN
AND DAWES COUNTY ABSTRACT & TITLE, INC.,
A NEBRASKA CORPORATION, APPELLANTS.

___ N.W.2d ___

Filed January 6, 2023.     No. S-22-017.

1. **Summary Judgment: Appeal and Error.** An appellate court affirms a
lower court's grant of summary judgment if the pleadings and admitted
evidence show that there is no genuine issue as to any material facts or
as to the ultimate inferences that may be drawn from the facts and that
the moving party is entitled to judgment as a matter of law.

2. ____: ____. An appellate court reviews the district court's grant of sum-
mary judgment de novo, viewing the record in the light most favorable
to the nonmoving party and drawing all reasonable inferences in that
party's favor.

3. **Limitations of Actions: Appeal and Error.** The question of which
statute of limitations applies is a question of law that an appellate
court must decide independently of the conclusion reached by the
trial court.

4. **Limitations of Actions: Negligence.** To determine whether the statute
of limitations for professional negligence, Neb. Rev. Stat. § 25-222
(Reissue 2016), applies to a plaintiff's claim, a court determines whether
the defendant is a professional and was acting in a professional capacity
in rendering the services upon which the claim is based.

5. **Limitations of Actions: Negligence: Words and Phrases.** To deter-
mine whether a particular act or service is professional in nature, a court
applying Neb. Rev. Stat. § 25-222 (Reissue 2016) looks to the nature
of the act or service itself and the circumstances under which it was
performed.

6. **Limitations of Actions: Title: Negligence: Words and Phrases.**
Abstracters' performing title searches render "professional services"

and are subject to the limitations periods in Neb. Rev. Stat. § 25-222 (Reissue 2016) for claims arising from these functions.

7. **Limitations of Actions: Negligence: Words and Phrases.** For purposes of Neb. Rev. Stat. § 25-222 (Reissue 2016), an occupation is not a "profession" unless the following elements are present: (1) The profession requires specialized knowledge; (2) the profession requires long and intensive preparation; (3) preparation must include instruction in skills and methods of the profession; (4) preparation must include scientific, historical, or scholarly principles underlying the skills and methods of the profession; (5) membership in a professional organization is required; (6) a professional organization or concerted opinion within an organization regulates and enforces standards for membership; (7) the standards for membership include high standards of achievement; (8) the standards for membership include high standards of conduct; (9) its members are committed to continued study; (10) its members are committed to a specific kind of work; and (11) the specific kind of work has for its primary purpose the rendering of a public service.

8. **Limitations of Actions: Words and Phrases.** "Discovery," in the context of statutes of limitations, refers to the fact that one knows of the existence of an injury and not that one has a legal right to seek redress.

9. **Limitations of Actions: Negligence: Words and Phrases.** In a professional negligence case, "discovery of the act or omission" occurs when the party knows of facts sufficient to put a person of ordinary intelligence and prudence on inquiry which, if pursued, would lead to the knowledge of facts constituting the basis of the cause of action.

Appeal from the District Court for Dawes County: Travis P. O'Gorman, Judge. Affirmed.

Victor E. Covalt III and G. Stephen Long, pro hac vice, for appellants.

Amy L. Patras, of Crites, Shaffer, Connealy, Watson, Patras & Watson, P.C., L.L.O., for appellees.

Michael D. Matejka and Erin Ebeler Rolf, of Woods Aitken, L.L.P., for amicus curiae Nebraska Land Title Association.

Heavican, C.J., Miller-Lerman, Stacy, Funke, and Papik, JJ.

Miller-Lerman, J.

## NATURE OF CASE

John Mai and MM NE LLC (collectively Mai) brought this action against Janice German and her company, Dawes County Abstract & Title, Inc. (collectively German), arising from title abstracting and issuing commitments and title insurance services German performed for a series of transactions from 1999 through 2012. The district court for Dawes County found that Mai's amended complaint stated a single cause of action for professional negligence against German as an abstracter with several theories of recovery; the 2-year statute of limitations for professional negligence, Neb. Rev. Stat. § 25-222 (Reissue 2016), applied; even allowing for discovery, the complaint was time barred; and German was entitled to summary judgment. Mai appeals and contends that German was acting as a title agent, not as an abstracter; abstracters are not professionals; and in any event, German was not rendering "professional services" subject to the limitations periods in § 25-222. We agree with the district court that German was performing abstracter services, and because we conclude that abstracters of title provide "professional services" within the meaning of § 25-222, we affirm the order of the district court that found the action was time barred and entered summary judgment in favor of German.

## STATEMENT OF FACTS

*Background.*

In a series of five transactions from 1999 through 2012, Mai bought contiguous and connected parcels of real property located in Dawes County. Mai individually bought parcels in 1999, 2000, and 2009, and MM NE (the LLC), of which Mai is a member, bought the final parcel in 2012. In each transaction, Mai used the services of German. German had been a registered abstracter serving the area since 1982 and had been a title agent since the mid-1980s. German performed records searches for the parcels bought by Mai, but did not search the

road records of Dawes County and failed to discover a possible claim for a road based on an 1887 road petition. German also provided title commitments and helped Mai buy title insurance policies for each transaction.

Because the title commitments did not disclose any public access to the properties, Mai obtained private easements and spent over $100,000 to build a red rock driveway to access his properties.

*Dispute Over Driveways.*

In 2016, a dispute arose between Mai and owners of two neighboring properties about whether the driveway was a public county road or a private driveway. The neighbors wished to use the driveway to obtain access to their properties and sought permits from Dawes County. After it determined that the paths the neighbors wished to use followed an open public road, the county granted driveway permits to both neighbors.

The county's decision was based in part on advice from German. In the course of her work on behalf of the county, German discovered a road petition filed in 1887 that purported to establish a public road crossing over Mai's properties. In late January or early February 2016, German gave Mai a copy of the 1887 road petition.

On October 17, 2016, Mai filed an action in the district court for Dawes County to quiet title against the neighbors and the county, disputing the grant of driveway access to the neighbors. As part of that litigation, Mai took German's deposition on November 20, 2017, and she testified regarding, inter alia, the 1887 road petition and the consequent establishment of a public road. Mai does not dispute that he was aware of the contents of this deposition. The district court determined that the county's claim of a public road was valid. The Nebraska Court of Appeals, in a memorandum opinion, affirmed the orders of the district court. *Mai v. Lecher*, No. A-21-731, 2022 WL 3205129 (Neb. App. Aug. 9, 2022) (selected for posting to court website). This court denied further review.

*Lawsuit by Mai Against German.*

Mai filed the action that is the subject of the present appeal on August 30, 2019. Mai initially set forth a claim of negligence against German, alleging that he would not have constructed the driveway had German "reviewed the records, completed her agreed road study, and performed her duties as a registered abstracter in examining records and disclosing the existence of [the public road]." Mai later amended the complaint and alleged that at the time of the title commitments to Mai, German was aware of the possible existence of "ancient records" as to roads, failed to search such records, and included an exception to the title coverage for claims by the county related to public roads. The amended complaint specifically alleged that "German breached her duties owed to [Mai] in providing abstracting services of good faith and due care."

German filed a motion for summary judgment, in which she asserted that Mai's complaint was barred by the 2-year statute of limitations for claims of professional negligence, § 25-222. The district court agreed with German's assertion, granted German's motion for summary judgment, and dismissed the action.

The court first determined that the amended complaint set forth a single cause of action for professional negligence with multiple theories of recovery. It determined that as a registered abstracter, German's services were "professional" under § 25-222 based on the existing Court of Appeals precedent of *Cooper v. Paap*, 10 Neb. App. 243, 634 N.W.2d 266 (2001), which applied § 25-222 to registered abstracters, as well as the test articulated by this court in *Wehrer v. Dynamic Life Therapy & Wellness*, 302 Neb. 1025, 926 N.W.2d 107 (2019).

Having determined that § 25-222 applied, the court determined that the present action was barred by the 2-year limitations period because German last provided services to Mai in 2009 and to the LLC in 2012 and the action was not filed until 2019. Referring to the undisputed evidence, the court

observed that Mai discovered the cause of action, at the latest, by November 2017, when German was deposed in the course of Mai's first lawsuit. Thus, the discovery rule under § 25-222 would have extended the time for filing to 2018, 1 year after discovery, and the court determined that Mai's complaint filed in 2019 was time barred and granted summary judgment in favor of German.

Mai appeals.

## ASSIGNMENT OF ERROR

Mai claims, summarized and restated, that the district court erred when it granted German's motion for summary judgment based on the 2-year statute of limitations for actions based on professional negligence under § 25-222.

## STANDARDS OF REVIEW

[1] An appellate court affirms a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from the facts and that the moving party is entitled to judgment as a matter of law. *Carrizales v. Creighton St. Joseph*, 312 Neb. 296, 979 N.W.2d 81 (2022).

[2] An appellate court reviews the district court's grant of summary judgment de novo, viewing the record in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *Id.*

[3] The question of which statute of limitations applies is a question of law that an appellate court must decide independently of the conclusion reached by the trial court. *Id.*

## ANALYSIS

Mai appeals the district court's decision which determined that his claims were time barred under the statute of limitations for actions based on professional negligence. He contends that German was not providing "professional" services and should not have benefited from the 2-year statute

of limitations for actions for professional negligence under § 25-222. Instead, Mai asserts that another statute of limitations applies. See, e.g., Neb. Rev. Stat. § 25-207 (Reissue 2016) (providing limitations period for fraud).

*Professional Negligence.*

As an initial matter, we address the nature of Mai's action. The district court characterized the claims in the amended complaint as two theories of recovery based on the cause of action for professional negligence. We agree. Although Mai now claims that he asserted a variety of other theories, the gravamen of the amended complaint alleged, inter alia, that Mai had an "ongoing professional relationship" with German and that German "fail[ed] to perform her duties as a registered abstract[e]r in examining records and disclosing the existence" of possible claims of a public road. The amended complaint is grounded in statements referencing duties and claims of professional negligence that form the basis of each of Mai's stated theories of recovery, and the record of the summary judgment proceedings contains no material evidence of intentional wrongdoing. The district court correctly analyzed the claims as professional negligence arising from acts and omissions by German when she provided services to Mai related to the properties.

*Mai's Claims Arise From German's*
*Abstracting Services.*

Having agreed with the district court that this case involves negligence, we next consider the nature of the services German provided. Specifically, we consider whether German's services under examination were those of an abstracter and, later in this opinion, whether such services are those of a "professional" subject to the statute of limitations for actions on professional negligence under § 25-222.

Mai claims that German acted merely as a title agent in her dealings with him and was not performing abstracting work.

The allegations in the amended complaint concern acts and omissions arising from German's title searches and reports. There is no dispute that German was a registered abstracter. We acknowledge that we have recognized that the roles of an abstracter and title agent can overlap. In *Heyd v. Chicago Title Ins. Co.*, 218 Neb. 296, 303, 354 N.W.2d 154, 158 (1984), we stated:

> [A] title insurance company which renders a title report and also issues a policy of title insurance has assumed two distinct duties. In rendering the title report the title insurance company serves as an abstracter of title and must list all matters of public record adversely affecting title to the real estate which is the subject of the title report. When a title insurance company fails to perform its duty to abstract title accurately, the title insurance company may be liable in tort for all damages proximately caused by such breach of duty.

The overlap in duties is reflected in the statutory duties found in Nebraska's Title Insurers Act, see Neb. Rev. Stat. §§ 44-1978 to 44-19,105 (Reissue 2021). See *Cottonwood Enterprises v. McAlpin*, 111 N.M. 793, 810 P.2d 812 (1991) (applying professional standard to title examiner based on statutory duty to search title). However, given Mai's allegations and the evidence from the summary judgment proceeding taken in a light most favorable to Mai, we agree with the district court that the services at issue were those of an abstracter. Accordingly, the provisions of the Abstracters Act, see Neb. Rev. Stat. §§ 76-535 to 76-558 (Reissue 2018) (Act), rather than the Title Insurers Act, control the outcome in this case.

In this case, German testified to the nature of her abstracting work and the circumstances under which it was performed. As both a registered abstracter and a title insurance agent, she noted differences in the end products or reports for an abstract of title and a title insurance commitment. She explained that in both activities, the search of the records uses the same process,

spans the same records, and follows a chain of title from the beginning to the present. She searches property and tax records including those with the register of deeds, district court records, and treasurer's records. This is consistent with the expert affidavit of Roy Hahn offered by Mai that acknowledged that in Nebraska, "a title agent searching for a title commitment has the same duty and responsibility as does an abstracter."

In his argument, Mai now distances himself from the amended complaint which centered on German's activities as a registered abstracter. Having examined the record, we agree with the district court that the evidence on summary judgment showed German performed title search duties for Mai in the manner of a registered abstracter and that there was no genuine issue of material fact on this question. Having examined the pleadings and evidence in the record in a light most favorable to Mai, we find no error in the determination by the district court to the effect that German's work as an abstracter forms the basis of this action.

*Abstracters' Performing Title Reports Render
"Professional Services" Under § 25-222.*

Turning to the central legal issue in this appeal, Mai asks us to hold that registered abstracters' abstracting title do not provide "professional services" within the ambit of § 25-222. We decline to do so.

Section 25-222 provides:

Any action to recover damages based on alleged professional negligence or upon alleged breach of warranty in rendering or failure to render professional services shall be commenced within two years next after the alleged act or omission in rendering or failure to render professional services providing the basis for such action; *Provided*, if the cause of action is not discovered and could not be reasonably discovered within such two-year period, then the action may be commenced within one year from the date of such discovery or from the date

of discovery of facts which would reasonably lead to such discovery, whichever is earlier; *and provided further*, that in no event may any action be commenced to recover damages for professional negligence or breach of warranty in rendering or failure to render professional services more than ten years after the date of rendering or failure to render such professional service which provides the basis for the cause of action.

We have noted that the Legislature did not provide a general statutory definition of "professional" or state which occupations provide professional services. See *Wehrer v. Dynamic Life Therapy & Wellness*, 302 Neb. 1025, 926 N.W.2d 107 (2019).

[4,5] To determine whether the statute of limitations for professional negligence applies to a plaintiff's claim, a court determines whether the defendant is a professional and was acting in a professional capacity in rendering the services upon which the claim is based. *Wehrer v. Dynamic Life Therapy & Wellness, supra*. To determine whether a particular act or service is professional in nature, a court looks to the nature of the act or service itself and the circumstances under which it was performed. *Id*.

[6] As we explain, we conclude that abstracters' performing title searches render "professional services" and that where, as here, negligence is alleged, they are subject to the limitations periods in § 25-222 for claims arising from these functions. Specifically, because Mai's claims stemmed from German's performance of professional services as an abstracter, § 25-222 was correctly applied.

In *Cooper v. Paap*, 10 Neb. App. 243, 634 N.W.2d 266 (2001), the Court of Appeals concluded that abstracters are members of a profession and applied § 25-222 to registered abstracters. The decision was based on, inter alia, the fact that abstracters "provide a service to the public upon which the public relies, and those duties require specialized knowledge and a license to provide such services." *Id*. at 253, 634

N.W.2d at 274. The Court of Appeals also referenced other jurisdictions that concluded that abstracters are professionals or subject to the professional standard. See, e.g., *Chapman v. Alexander*, 307 Ark. 87, 817 S.W.2d 425 (1991) (holding that abstracters are professionals for purpose of statute of limitations); *Eby v. York-Division, Borg-Warner*, 455 N.E.2d 623 (Ind. App. 1983) (noting abstracters are professionals called to give opinions). See, also, *Bernard v. Char*, 79 Haw. 371, 903 P.2d 676 (1995) (suggesting that professional negligence principles apply to abstracters); W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 32 (5th ed. 1984) (noting professional negligence principles apply to abstracters of title). The Legislature has not amended the professional services statute of limitations following *Cooper*.

Mai argues that *Cooper* is no longer a correct statement of the law because our decision in *Wehrer v. Dynamic Life Therapy & Wellness, supra*, emphasized that an occupation is a profession that benefits from § 25-222 only if it meets certain factors. We reject Mai's argument.

[7] Consolidating Nebraska cases, *Wehrer* explained that an occupation is not a "profession" unless the following elements are present: (1) The profession requires specialized knowledge; (2) the profession requires long and intensive preparation; (3) preparation must include instruction in skills and methods of the profession; (4) preparation must include scientific, historical, or scholarly principles underlying the skills and methods of the profession; (5) membership in a professional organization is required; (6) a professional organization or concerted opinion within an organization regulates and enforces standards for membership; (7) the standards for membership include high standards of achievement; (8) the standards for membership include high standards of conduct; (9) its members are committed to continued study; (10) its members are committed to a specific kind of work; and (11) the specific kind of work has for its primary purpose the rendering of a public service.

Turning to this case, the statutory scheme in the Act concerning abstracters and the evidence demonstrate that abstracters of title satisfy the factors in *Wehrer v. Dynamic Life Therapy & Wellness*, 302 Neb. 1025, 926 N.W.2d 107 (2019). The Act provides a framework for regulating abstracters in Nebraska. We refer to certain provisions of the Act as illustrative of our conclusion that abstracters satisfy the *Wehrer* factors and are professionals for purposes of the 2-year statute of limitations in § 25-222.

The stated statutory purpose of the Act is "to safeguard the welfare and property of citizens of this state and to [e]nsure that abstracters serving the public meet minimum standards of proficiency and competency." § 76-536. The Act establishes an "Abstracters Board of Examiners," § 76-540, which is empowered to, inter alia, promulgate rules and regulations, § 76-541. An applicant to become an abstracter must prove to that board that he or she has at least 1 year of verified land-title related experience, 1 Neb. Admin. Code, ch. 2, § 001 (2018), and must have a minimum of three satisfactory references. See § 76-542. An applicant must pass a written examination no less than 6 hours long, comprising four sections: district court, county court, legal descriptions, and general knowledge of the practice of abstracting. 1 Neb. Admin. Code, ch. 7, § 005 (2018). See, also, §§ 76-541 and 76-543.

The board approves "professional development" programs of continuing education, and a registered abstracter must complete credits every 2 years. § 76-544. Notably, the Legislature used the word "professional" in § 76-544 to describe abstracters' continuing education. Under § 76-551 of the Act, the board may hold hearings and impose discipline on abstracters who violate the Act or who are unfit to perform their duties.

Section 76-556 explains the gravity of abstracting and provides:

> A registered abstracter shall show each link in the chain of title, and failure to do so shall render him or her liable to any person injured by such omission. In adding

extensions to an old abstract, a registered abstracter shall not be deemed to certify to or verify accuracy of entries prior to the first date given in the certificate of extension. When a registered abstracter relies upon the numerical index alone to refer him or her to all entries upon the records affecting the title to property, such reliance shall be at his or her peril. A registered abstracter shall be liable for omission of notice of encumbrance in an abstract.

The Act also guards against conflicts of interest by restricting the practice of abstracters; for example, district and county judges cannot engage in the business of abstracting directly or indirectly while holding office. § 76-502. See, also, § 76-504 (making county officials in counties over 5,000 in population ineligible to compile abstracts of title).

The record in this case demonstrates the specialized knowledge and preparation required of an abstracter. German specifically described the specialized knowledge, often of a local nature, an abstracter possesses. She stated that records are not kept the same way in all counties and that abstracters must know how to locate the relevant records. She explained that an abstracter must be familiar with state marketable title standards and use them when conducting title searches. See § 76-557. Hahn also opined that the standard of care for abstracting requires the abstracter to understand the law surrounding real estate in order to assemble an abstract. He opined that "[m]embers of the lay/general public do not have the experience or ability to make their own thorough search of public records to determine title to and interests in real estate about which they may be interested."

Our cases have long recognized that abstracters are members of a profession. In *Heyd v. Chicago Title Ins. Co.*, 218 Neb. 296, 302-03, 354 N.W.2d 154, 158 (1984), citing several other jurisdictions, we said:

> "The duty imposed upon an abstractor of title is a rigorous one: 'An abstractor of title is hired because of his

professional skill, and when searching the public records on behalf of a client he must use the degree of care commensurate with that *professional* skill . . . the abstractor must report all matters which could affect his client's interests and which are readily discoverable from those public records ordinarily examined when a reasonably diligent title search is made.' . . ."

(Emphasis supplied.) Abstracters must learn to conduct a proper and in-depth search and examination of the public records and to set forth in the abstract the facts which may relate to or affect the title under investigation. *Cooper v. Paap*, 10 Neb. App. 243, 634 N.W.2d 266 (2001). See 1 C.J.S. *Abstracts of Title* § 8 (2016). They must learn and understand the law relating to conveyances, descents, devises, and other matters affecting the title to real property and be able to determine what constitutes a lien or encumbrance. See *Cooper v. Paap, supra.* The foregoing is supported in our record by the affidavit of Mai's expert, Hahn, discussing the duties and standard of care of an abstracter.

We have explained that a college degree requirement can indicate preparation and training for a profession, but is not required for an occupation to be a profession. *Wehrer v. Dynamic Life Therapy & Wellness*, 302 Neb. 1025, 926 N.W.2d 107 (2019); *Bixenmann v. Dickinson Land Surveyors*, 294 Neb. 407, 882 N.W.2d 910 (2016), *modified on denial of rehearing* 295 Neb. 40, 886 N.W.2d 277. Abstracters have been held as an example of a profession that does not necessarily require a college degree. *Wehrer v. Dynamic Life Therapy & Wellness, supra*.

Having applied the factors in *Wehrer*, we now reaffirm *Cooper v. Paap, supra*, which held that abstracters of title performing title searches perform professional services within the meaning of § 25-222.

*Mai's Complaint Was Untimely.*

[8,9] Having concluded that the limitations periods in § 25-222 are controlling, we now apply that statute to this case.

Under § 25-222, actions should be commenced within 2 years; however, the Act provides, inter alia, that if not discovered earlier, the action should be commenced within 1 year from the date of discovery. "Discovery," in the context of statutes of limitations, refers to the fact that one knows of the existence of an injury and not that one has a legal right to seek redress. *Bonness v. Armitage*, 305 Neb. 747, 942 N.W.2d 238 (2020). In a professional negligence case, "discovery of the act or omission" occurs when the party knows of facts sufficient to put a person of ordinary intelligence and prudence on inquiry which, if pursued, would lead to the knowledge of facts constituting the basis of the cause of action. *Id*.

Even reviewing the evidence in the light most favorable to Mai, this action is time barred. The uncontroverted evidence indicates that Mai discovered the cause of action against German on or before November 30, 2017, the date upon which Mai deposed German in an earlier lawsuit regarding the facts surrounding the 1887 road petition. Since this case was not commenced until August 30, 2019, there is no genuine issue of material fact that this action is time barred.

## CONCLUSION

We reaffirm that abstracters' performing abstracting services are professionals for purposes of the 2-year statute of limitations in § 25-222. *Cooper v. Paap, supra*. The district court correctly determined that the present action is one sounding in negligence, that German was performing services as a registered abstracter, that abstracters are professionals for purposes of the 2-year limitations period and 1-year discovery limitation applicable to professional services found in § 25-222, and that the action is time barred. We affirm the order of the district court that granted summary judgment in favor of German.

Affirmed.

Cassel and Freudenberg, JJ., not participating.